# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:01CV-193-M**

**WILLIAM A. JOHNSON and**
**TAMBERLY L. McCOY**                                                                 **PLAINTIFFS**

**VS.**

**UNITED STATES OF AMERICA, ET AL.**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Defendants, Robert M. Bullock and Tonia French, to dismiss, or in the alternative, for summary judgment [DN 51]. This matter was referred to the United States Magistrate Judge E. Robert Goebel pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) who has filed his Findings of Fact, Conclusions of Law, and Recommendation recommending that Defendants' motion to dismiss, or in the alternative, for summary judgment be denied [DN 98].

The Court has reviewed the Findings of Fact, Conclusions of Law, and Recommendation, as well as the Amended Complaint. While the Court agrees with the legal conclusions set forth in the Magistrate's report, the Court concludes that dismissal of Plaintiffs' claims against Bullock and French is appropriate on other grounds. For the reasons set forth below, the Court dismisses the Amended Complaint against Defendants Bullock and French.

## BACKGROUND

Plaintiff, Tamberly McCoy ("McCoy"), and Defendant, Robert Bullock ("Bullock"), were married on August 13, 1983. Two children were born during the marriage, Jake Bullock on March 6, 1988 and Ross Bullock on November 18, 1990. The parties divorced on August 21, 1997. The parties were awarded joint custody of the children with Tamberly McCoy being designated as residential custodian by agreement of the parties.

In October of 2000, McCoy and Plaintiff, William Johnson ("Johnson"), were married. On May 22, 2001, Bullock filed a petition for custody with the Hopkins Circuit Court, Madisonville, Kentucky. On July 6, 2001, Michael Hallyburton was appointed as the Special Domestic Relations Commissioner in that action. A custody hearing was conducted on October 4, 2001. Commissioner Hallyburton filed his Report and Recommendation with the Hopkins Circuit Court on October 23, 2001, recommending that residential custody of the minor children be awarded to Bullock.

During this same period of time, Johnson was the subject of criminal investigations by federal and state law enforcement authorities in 2001. In early November of 2001, Federal Bureau of Investigation ("FBI") Special Agents Steven Wight and Richard Glenn obtained and executed three federal search warrants authorizing the search of the residence of Johnson and McCoy. After the searches in question, Plaintiffs filed this action against Defendants, FBI Special Agents Stephen Wight and Richard Glenn; Louisville Police Detectives James Petit and William Keeling; Louisville Arson Squad Sergeant Charles Jenkins; the City of Louisville; Hopkins Circuit Court Special Domestic Relations Commissioner Michael D. Hallyburton; Tonia French, aunt of McCoy's two sons; and Robert Bullock, former husband of McCoy. Generally, in the ten-count complaint, Johnson and McCoy allege that the Defendants engaged in grand conspiracy that violated their rights under the Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution. Plaintiffs also assert state law tort claims.

On May 22, 2002, a federal Grand Jury returned a ten-count indictment against Johnson and his co-defendants charging Johnson with a number of offenses, including RICO conspiracy, possession of counterfeit federal reserve notes, bank fraud, and possession of a firearm by a convicted felon. In the Spring of 2003, a jury returned a verdict of guilty on four of the counts,

2

Johnson plead guilty to three of the counts, and the United States dismissed two of the counts. Johnson is currently serving a sentence of life imprisonment.

Defendants, Robert Bullock and Tonia French, filed a motion to dismiss, or in the alternative, for summary judgment on Count 2 of the Amended Complaint and all state law claims [DN 51]. Count 2 of the Amended Complaint alleges that Special Agent Wight, Detective Petit, Detective Keeling, Bullock, and French, conspired to conduct unlawful searches of the residence and to effect the wrongful arrest of Johnson. Additionally, Count 2 of the Amended Complaint alleges that Commissioner Hallyburton, Special Agent Wight, Detective Petit, Bullock, and French conspired to issue findings and recommendations adverse to McCoy in a custody dispute and to deprive McCoy of the custody of her children.

## STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true," League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007), and determine whether the "complaint states a plausible claim for relief." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). A complaint falls short of this standard if it pleads facts "merely consistent with a defendant's liability" or if the

alleged facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949, 1950.

While both Johnson and French have tendered affidavits in support of their positions, the Court declines to consider those affidavits and declines to convert the motion to dismiss to one for summary judgment.

## DISCUSSION

### A.  Conspiracy to Conduct Unlawful Searches and to Unlawfully Arrest Johnson

Count 2 of the Amended Complaint alleges that Special Agent Wight, Detective Petit, Detective Keeling, Bullock, and French, conspired to conduct unlawful searches of Johnson's residence and to effect the wrongful arrest of Johnson. Johnson's claim is barred under the holding of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, "the Supreme Court held that a plaintiff cannot assert a constitutional claim under Section 1983 which would call into question the validity of a criminal conviction unless and until that conviction had been reversed on direct appeal, expunged, declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus." Dobson v. Gray, 2009 WL 1579524, *2 (E.D. Ky. June 4, 2009)(citing Heck, 512 U.S. at 487). If Johnson were to prevail on his claim for conspiracy to commit an unlawful search and arrest, such a determination would call into question the propriety of his conviction. See Jacob v. Township of West Bloomfield, 531 F.3d 385, 388 (6th Cir. 2008); Shamaeizadeh v. Cunigan, 182 F.3d 391, 398-99 (6th Cir. 1999). As more fully discussed in the Magistrate's Findings of Fact, Conclusions of Law, and Recommendation related to the Municipal Defendants' claims [DN 100], the Court finds that this claim is barred by Heck v. Humphrey and

4

is therefore dismissed.[1]

### B. Conspiracy to Deprive McCoy of Custody of her Children

Count 2 of the Amended Complaint also alleges that Domestic Relations Commissioner Hallyburton, Special Agent Wight, Detective Petit, Bullock, and French conspired to issue findings and recommendations adverse to McCoy in a custody dispute and to deprive McCoy of the custody of her children. In the Amended Complaint, Plaintiff alleges that in May of 2001, Bullock and French telephoned the local child protective services to report the alleged neglect of McCoy's sons and within a few days of the report, Bullock filed a petition seeking custody of the children. Plaintiff alleges that Bullock, French, David French, the spouse of Tonia French, and James McCoy, McCoy's father, appeared as witnesses for Bullock at the custody hearing in October of 2001. Plaintiff alleges that while they were waiting for the hearing to begin, "James McCoy, passed them in the courthouse and was unable to resist signaling that he had the 'Judge in his pocket,' by grabbing his back pants pocket which contained his wallet." (Amended Complaint at ¶ 26 (cc).) Additionally, Plaintiff alleges that Bullock, French, David French, and James McCoy perjured themselves at the custody hearing and coached the children to provide false testimony as well. (Id. at ¶ 26 (ee-gg).) Plaintiff further alleges that Bullock told the children after the hearing that they were coming to live with him, that "everything was taken care of," and "not to worry." (Id. at ¶ 26 (hh).) After a review of the record and for the reasons set forth below, the Court concludes that Tamberly McCoy's § 1983 claim against Defendants, Tonia French and Robert Bullock, is

---

[1] In as much as McCoy is challenging the search of the residence in Count 2, the Court finds that she is collaterally estopped from pursuing this claim for the reasons more fully addressed in the Magistrate's Findings of Fact, Conclusions of Law, and Recommendation related to the Municipal Defendants' claims [DN 100].

dismissed.

Initially, McCoy did not respond to any of the motions to dismiss or present any evidence in support of her claim. Failure to respond to a motion to dismiss will be grounds for granting the motion. See Scott v. State of Tennessee, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir.1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); Humphrey v. United States Attorney General's Office, 2008 WL 2080512, *3 (6th Cir. 2008). While the record reflects that William Johnson drafted the response to the motions to dismiss and submitted his own affidavit, Mr. Johnson is no longer an attorney and cannot represent McCoy. "[O]ne pro se litigant cannot represent another." Nocula v. UGS Corp., 520 F.3d 719, 724 (7th Cir. 2008); Lucarelli v. United States, 65 Fed. Appx. 926 (6th Cir. 2003); McKnight v. Middleton, 2008 WL 4911445 (E.D.N.Y. Nov. 13, 2008). Accordingly, given that McCoy failed to respond or otherwise oppose the motion to dismiss, the Court deems McCoy to have waived opposition to the motion.

Even if the Court examines the merits of McCoy's § 1983 claim, the Court finds dismissal warranted. To the extent that McCoy challenges the state court's decision regarding the custody of her children, the Rooker-Feldman doctrine bars such a claim. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923). The Rooker-Feldman doctrine "serves to divest district courts of subject matter jurisdiction when 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Briscoe v. Jackson, 285 Fed. Appx. 205, 207 (6th Cir. June 27, 2008)(citing Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291 (2005)). See

28 U.S.C. § 1257(a)(allowing review of final state court judgments by writ of certiorari to the United States Supreme Court). The recourse available to the Plaintiff in response to the adverse decision of Commissioner Hallyburton was to pursue timely appeals in state court.

Furthermore, to the extent McCoy's suit is not barred by the Rooker-Feldman doctrine, the Court finds that McCoy's claims against Bullock and French fail to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). "[A]llegations of conspiracy must be supported by allegations of fact that support a 'plausible suggestion of conspiracy,' not merely a 'possible' one." Peterson v. Cooper, 2009 WL 2448141, *3 (W.D. Mich. 2009)(citing Twombly, 550 U.S. at 565). McCoy has alleged no facts, beyond James McCoy grabbing his back pants pocket and Bullock and French testifying at the custody hearing, to support the allegation that Bullock and French conspired or agreed with Hallyburton, Agent Wight, and/or Detective Petit to violate McCoy's civil rights. "[R]esorting to the courts and being on the winning side of a lawsuit" does not establish a conspiracy or joint action between the court and the prevailing party. Dennis v. Sparks, 449 U.S. 24, 28 (1980). Additionally, the alleged conduct of McCoy's father before the custody hearing, i.e. grabbing his back pocket, does not support a plausible claim for conspiracy between James McCoy and Commissioner Hallyburton, let alone Bullock and French. For these reasons, the Court finds that Plaintiff failed to set forth plausible grounds to infer an agreement between Bullock or French and the remaining alleged co-conspirators to unlawfully deprive McCoy of the custody of her children. Accordingly, the motion to dismiss is granted.

### C. State Law Claims

Having dismissed the Plaintiffs' federal claims, the Court declines to exercise pendent jurisdiction over Plaintiffs' state law claims. See United Mine Workers of America v. Gibbs, 383

U.S. 715 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well." Id. at 726.). Therefore, Plaintiffs' pendent state law claims are dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion to dismiss by Robert Bullock and Tonia French [DN 51] is **GRANTED**. Plaintiffs' federal claims are dismissed with prejudice. The state law claims are dismissed without prejudice. A judgment will be entered consistent with this Opinion.

cc:	William Johnson
	Tamberly McCoy
	counsel of record